No. 568

First Circuit

PAYS v. CATELY

(March 5, 1930. Opinion and Decree.)
(April 14, 1930. Rehearing Refused.)

C. A. Provost, of New Iberia, attorney for plaintiff, appellant.

J. J. Davidson, Jr., of Lafayette, attorney for defendant, intervener, appellees.

ELLIOTT, J.  Frank Pays claims in a petitory action against defendant and Auguste Denton, intervener, a certain lot of ground situated in the city of New Iberia, with the buildings and improvements thereon. The lot is described as situated in Frere's addition to the city of New Iberia, and as being lot No. 1 of a subdivision of a portion of said subdivision made by D. T. Peebles, surveyor, measuring 45 feet front on Dale street by a depth of 150 feet between parallel lines, bounded north by French street, south by lot 2, east by Dale street, and west by lot No. 8 of said subdivision.

He sets up title to the lot by purchase and title from Auguste Denton, intervener, dated November 5, 1913, recorded in Book 74, folio 626, of the Conveyance Records of the Parish of Iberia.

Defendant Cately, alias Thompson, admitted possession, but only as tenant, under Auguste Denton and referred the plaintiff to him.  Denton appeared, intervened, and resisted plaintiff's demand.  He alleged ownership and possession in himself and denies that he sold the property to the plaintiff.  He admits signing the act set up by the plaintiff, but contends that it was not his intention to sell his property, but that he believed and intended, in signing the act, that it was a document for the purpose of securing plaintiff for money which the plaintiff had loaned him. That insofar as said act purports to be a sale, it was by him signed in error. That said act is null and void insofar as it purports to be a sale, because of his said error and want of consent.

The question in the case is whether the act declared on by the plaintiff as a sale was really intended as a sale, as it purports to indicate, or was it entered into and intended as a security arrangement in order to secure plaintiff for money loaned by him at the time, to the intervener, Denton.

The district judge held that it was intended as an act of security.

The direct evidence and the facts and circumstances support the finding of the lower court on this subject to such an extent that there is no ground for doubt. The parties intended by the act nothing more than to secure plaintiff for some money loaned by him to Denton at the time the act was passed.

In answering Denton's intervention, plaintiff prays, in case the act is not recognized as a sale, that he be recognized as Denton's creditor for $315.43 with interest, on account of the loan and because of taxes paid by him on the property.

The plaintiff offered a large number of tax receipts in evidence, some of them for state and parish taxes; others for taxes due the city of New Iberia, which may relate to the property in question. But we have noticed that the description of the property is omitted from some of the receipts. In some others it is different from that stated in the act of sale. The evidence on that subject is uncertain and no judgment can be rendered on that question without more evidence.

Then again, defendant alleges and testifies, without contradiction, that he had made and that plaintiff accepted a number of payments on the property since the act was passed. The total amount paid is left uncertain by the evidence, but the

total sum thus paid must be taken into account in arriving at the amount due the plaintiff.

The lower court considered this question and made proper provision in the judgment for the protection of the rights of the parties.

The judgment appealed from is correct.

Judgment affirmed. Plaintiff and appellant to pay the costs in both courts.